EMMA K. STAGER

*v.*

HOWARD E. CRABTREE *et al.*

*Opinion filed December 21, 1898.*

1. ESTOPPEL—*when grantee is estopped to deny acceptance of deed according to its legal import.* A daughter who accepts a deed from her widowed mother conveying a fee simple estate, and who occupies the premises and pays the taxes, and an annuity to the grantor until the latter's death, (a period of six years,) according to the terms of the deed, which was duly recorded, is estopped to afterwards assert she accepted the deed as a release of the grantor's homestead and dower, and not according to its legal import.

2. NOTICE—*grantee is presumed to have notice of all recorded deeds in chain of title.* A grantee must be presumed to have notice of previously recorded deeds, which invested the grantor with the title conveyed to the grantee and without which such title could not have been conveyed.

APPEAL from the Circuit Court of Carroll county; the Hon. JAMES SHAW, Judge, presiding.

The appellant and the appellee Howard E. Crabtree are brother and sister, being the only children of Matthew and Elizabeth Crabtree. The appellee Ida is the wifê of Howard E. Matthew Crabtree died on the 20th day of August, 1889. His wife, Elizabeth, survived him and died October 15, 1895. The appellant, on the 28th day of January, 1896, filed a bill in chancery against her brother, Howard E., and his wife, Ida, to obtain a decree setting aside two certain deeds purporting to have been executed by said Matthew, and Elizabeth, his wife, to said Ida, and to convey to said Ida 320 acres of land, being the north half of section 29, township 25, range 7, east of the fourth principal meridian, in Carroll county, and 240 acres of other land in Stephenson county. The bill asserted the alleged deeds were dated October 31, 1888, and that Ida and her husband, the appellee Howard E., on the same day executed two deeds re-conveying the same lands to said Elizabeth, wife of Matthew and the mother of

the appellant and the appellee Howard E.; that all the deeds were recorded on the day following their execution, to-wit, on the first day of November, 1888, and that said Elizabeth, on the 9th day of December, 1889, executed two deeds, one conveying the west half of the 320-acre tract in Carroll county to appellant for life, remainder to her children, if any, and if none, to Howard E., appellant to pay taxes and $75 per year to the grantor during her life, and the other conveyed the east half of the same tract to Howard E., subject to the life estate of the grantor. The bill alleged said Matthew was mentally incompetent to execute the said deeds to Ida, and that the execution thereof was obtained by undue influence exercised by the grantee in the deed, her husband, Howard, and the wife of the grantor.

For all the purposes of the disposition of the case it may be considered the allegations of the bill sufficiently charged lack of mental capacity of the grantor, and the exercise of undue influence on the part of the appellees and the said Elizabeth.

The appellees answered the bill, denying such allegations were true, and setting up acquiescence, *laches* and the sixth section of chapter 83, entitled "Limitations," as a bar to appellant's right of recovery. Appellees also filed a plea in bar setting up facts which it is contended barred the right of appellant to maintain the suit under the operation of the fourth section of said Limitation act. The appellant filed a general replication in chancery to the plea, and obtained leave to file, and filed, amendments to the bill, setting forth circumstances relied upon to excuse the delay in attacking the deeds and to avoid the imputation of acquiescence in the disposition made of the land under the deeds sought to be attacked. The court, on demurrers presented by appellees to the replication and to the bill as amended, ruled that from the facts alleged in the bill the imputation of *laches* and acquiescence arose, and debarred the appellant of all right

to be heard as to the alleged invalidity of the said deeds. The demurrers to the replication and to the amended bill were sustained. The appellant declined to amend, and decree was entered dismissing the bill.

GEORGE L. HOFFMAN, VOLNEY ARMOUR, and W. H. A. RENNER, for appellant.

RALPH E. EATON, and DANIEL S. BERRY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It appeared from the bill the deeds purporting to have been executed by said Matthew were recorded on the public deed records of the proper county on the day following their execution. At the time of the execution and recording of the deeds from said Matthew appellant and her husband resided on the west half of said section 29, in Carroll county, which belonged to said Matthew and which was included in the lands described in one of the deeds. Matthew, his wife, Elizabeth, and the appellees, lived as one family upon the east half of the same section 29, which was also included in the same conveyance. Matthew was a paralytic and helpless, and Howard, his son, had his home with his father and mother. The conveyances, if valid, resulted in transferring the lands of the husband, Matthew, to his wife, Elizabeth. After the death of the said Matthew, the said Elizabeth, on the 9th day of December, 1889, executed and delivered to the appellant a warranty deed conveying to her the west half of the said 320-acre tract in Carroll county, which deed contained the following conditions: "It is expressly provided that the said grantee is to have and hold the said land so long as she shall live, and at her death it shall belong to her children; and provided further, in case the said grantee dies leaving no children, then in that case the said land shall belong to Howard E. Crabtree and his heirs. The said grantee is to pay the said grantor the sum of $75 annually. The said Emma K. Stager is to pay

the taxes on said land so long as she shall live." Appellant accepted the deed, and during the lifetime of the mother paid the $75 annually, as the deed provided she should do. This deed was filed for record on the 17th day of June, 1890, but the bill is silent as to the connection of the appellant with the filing of the same. On the same day that Elizabeth, the mother of these parties, made the conveyance to the appellant, she executed a warranty deed conveying the east half of said 320-acre tract in Carroll county to the appellee Howard, her son, reserving, however, "a home and support for life in said land." This deed was also recorded on the 17th day of June, 1890. Howard, his wife, and Elizabeth, the mother, resided upon that tract thenceforth. The appellant preferred no objections to the disposition thus made of the property, but continued to reside and have her home on the tract conveyed to her by her mother and paid the sum of $75 per annum to her mother as the deed provided. Elizabeth, the mother, died October 15, 1895. Appellant filed this bill on the 28th day of January, 1896,—a period of more than seven years after the execution of the deeds made by the father which the bill seeks to have canceled, and a period of more than six years after appellant had accepted a warranty deed from the mother, which was based upon the deeds sought to be attacked. As an explanation of this delay it was alleged in the bill the appellant had no actual notice or knowledge of the execution of the alleged deeds by her father until after the death of her mother, and that neither her father, her mother nor her brother ever told her such deeds had been made; that when she accepted the deed from her mother she was told by her mother that the purpose of the deed was to release her mother's dower and homestead rights therein.

The deed which appellant accepted from her mother in express terms conferred upon the appellant an estate for her life in the land, with the remainder in fee over to

her children, should she leave any her surviving. She accepted this deed, and in the absence of any denial to the contrary it must be assumed she placed the same upon record. The deeds from the father, by which her mother obtained the title conveyed to the appellant, was then of record, having been recorded more than a year before. She occupied the land and paid the annual sum which the deed from the mother required she should pay, and paid the taxes on the land, that also being required of her by the deed. The legal effect of the deed from the mother was to convey a fee simple absolute, and the chancellor correctly ruled that the acceptance of it by appellant and her compliance with its terms should be regarded as an acceptance of the deed according to its legal import. The right of the mother to make this deed depended upon the deeds executed by the father. The deed of the father was a link in the chain of the title conveyed to the appellant by the mother. It was spread at large upon the public records of the county wherein the land was situate and where appellant resided. The appellant must be presumed to have had knowledge of all deeds of record in the line of the title, and cannot be permitted, especially after the lapse of such a length of time and after the death of the mother, to insist she did not accept the deed made and delivered to her by her mother according to its legal import, and had no knowledge of the existence of the deeds made by the father, which appeared upon the face of the public records, by virtue of which alone the mother had power and right to execute the deed which the appellant accepted and acted upon. She was, under the circumstances, properly held bound to take notice of a deed in the chain of title under which she held. (*Chicago, Rock Island and Pacific Railroad Co.* v. *Kennedy*, 70 Ill. 350; 16 Am. & Eng. Ency. of Law, 798.) Having notice, it must be considered, in view of all the facts, she acquiesced in the disposition of the lands affected by the deeds now sought to be invalidated.

No reason appeared for retaining the bill in order to effect an accounting as to the personal effects of the said Matthew and Elizabeth. It is not alleged the estate of Matthew was not duly administered upon, and the bill must be taken most strongly against the complainant, hence the assumption of due administration. The time allowed by law for final administration upon the estate of Elizabeth had not lapsed when the bill was filed. No ground appeared for assuming jurisdiction in equity of either of said estates.

The decree is affirmed.                *Decree affirmed.*